# SUPREME COURT.

## WILLIAM J. A. FULLER agt. THE WEBSTER FIRE INSURANCE COMPANY.

The court will direct an amendment of the pleadings by substituting a party as defendant, when it appears, at any stage of the proceedings, that such amendment will further the ends of justice.

*New-York Special Term, March,* 1856.

THIS was a motion to refer the cause, on the ground that the trial would require the examination of a long account.

It appeared, in opposition to the motion, that a receiver had been appointed of all the effects of the company, upon the application of a stockholder, and that the company had been enjoined perpetually from exercising any of its corporate functions.

An answer had been served by the receiver in the name of the corporation in which the facts aforesaid had been pleaded.

I. T. WILLIAMS, *for plaintiff.*.
PETER Y. CUTLER, *for defendants.*

DAVIES, Justice. This is an application for a reference. The defendants object, that the corporation has been dissolved, and that consequently this action cannot be maintained, and is, in fact, not pending.

This suit is brought by the plaintiff as assignee of Blaisdell, former secretary of the company, to recover a large sum due for services rendered and moneys expended by Blaisdell to and for the company.

The suit was commenced on the 14th of November, 1855.

The answer sets up that the company was dissolved on the 27th of September, 1855, and a receiver appointed. It appears, from the proceedings furnished me on this application

for the appointment of a receiver, that it was made under §§ 47, 48 and 49 of chapter 8, article 2d, title 4, part 3d, of the Revised Statutes.

In the case of *Ver Plank* agt. *The Mercantile Insurance Company of New-York*, (2 *Paige*, 452,) Chancellor WALWORTH held a similar proceeding to be, "in effect, a final order in the cause; and, unless altered or revoked, operates as a virtual dissolution of the corporation."

The suit, therefore, cannot succeed against the present defendants. It is apparent to me, that this suit has been instituted in good faith, and that it is, in fact, defended by the receiver, who represents the defunct corporation.

The provision of § 173 of the Code, and the powers conferred by it on the court, may, with great propriety, be invoked in this case. I deem it, therefore, in furtherance of justice to make an order in this case, substituting the receiver of the defendants as the party defendant in this cause, and the answer therein do stand as his answer; and that the pleadings be amended accordingly.

And further, that the cause be referred to William Emmerson, Esq., as referee, to report thereon with all convenient speed.

No costs to either party to be allowed on this motion.