JAMES G. TIGHE, APPELLANT, *v.* HANNAH POPE, ADMINISTRATRIX, ETC., OF JOHN POPE, DECEASED, RESPONDENT.

*Leave to amend complaint — when it should be granted — Code of Civil Procedure,* § 723.

This action was brought by the plaintiff to recover for legal services rendered to the respondent as administratrix of her husband's estate, the summons and complaint describing her as administratrix, and asking judgment against her as such. Before the trial plaintiff moved for leave to amend the summons and complaint by striking out the words "as administratrix," and to proceed against defendant individually. The motion was denied on the ground that if granted it would introduce a new defendant and a new cause of action, which the court had not power to do.

*Held,* that the motion was proper and should have been granted.

APPEAL from an order of the County Court of Kings county, denying a motion for leave to amend the summons and complaint herein.

The action was brought to recover for legal professional services performed for the respondent as administratrix of her husband's estate, in and about the collection of a claim due to the said estate, in filing an inventory and in accounting before the surrogate. The complaint described respondent " as administratrix," etc., and demanded judgment against her as such. Before trial, a motion was made to amend the summons and complaint so as to recover against respondent in her individual capacity, and to strike from the complaint the description, " as administratrix," etc., which was resisted by respondent upon the ground that it introduced a new defendant and a new cause of action, and therefore the court had no power to allow the proposed amendment. The court refused the amendment on that ground.

*James G. Tighe,* appellant in person.

*Philip S. Crooke,* for the respondent.

GILBERT, J. :

I am of opinion that the court had the power to grant the amendment, and that such amendment would have been in furtherance of justice. It would have worked no change in the cause of action, except to make it one against the defendant personally instead of one against her in her representative capacity of administratrix. Such a change is, I think, within the purview of section 723 of the Code of Civil Procedure. In *Fuller* v. *The Webster Fire Ins. Co.* (12 How. Pr., 293), a suit had been brought against a corporation after it had been dissolved, and an amendment substituting the receiver of the corporation as defendant was allowed after answer. In *Haddow* v. *Haddow* (3 N. Y. S. C. [T. & C.], 777 ; affirmed by the Court of Appeals), an action brought by a person in her own right was changed to one in her favor as administratrix. These cases gave to the statute as liberal a construction as that which is asked in this case. Whether the amendment is allowed or not, the same person will be the defendant, and I cannot see that any increased burden will be cast upon her by compelling her to defend personally, instead of allowing her to succeed upon the technical ground that she did not incur the liability claimed, in her capacity of administratrix. I am of opinion, therefore, that it was the duty of the County Court to grant the amendment upon terms, although the language of the statute is not imperative. (Moak's Van S. Pl., 824, *et seq.*) When a power is granted for the sake of justice, an exercise of it may be enforced in a proper case. It is not wholly discretionary. (*Mayor* v. *Furze*, 3 Hill, 612; *MacDougall* v. *Paterson*, 11 C. B., 755; *People ex rel. Conway* v. *Supervisors*, 68 N. Y., 119.)

The order appealed from must be reversed, without costs in this court, and an order must be entered allowing the amendment on payment of $10 costs within five days after service thereof.

BARNARD, P. J., and DYKMAN, J., concurred.

Order reversed, with costs and disbursements.